UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON JAMES BALL,<br><br>Defendant. | Case No. 1:18-cr-00222-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court are three pro se motions filed by Defendant Cameron James Ball. *See* Dkts. 67, 68, 69. As explained below, the Court will either find these motions moot, or deny them without prejudice because there is no constitutional right to hybrid representation.

### BACKGROUND

On September 18, 2019, Ball was sentenced to 45 months' imprisonment followed by a three-year term of supervised release. After completing his custodial term, Ball violated the conditions of supervised release and, on July 17, 2023, he was sentenced to an additional 8-month term of imprisonment, followed by a 24-month term of supervised release. On May 9, 2025, a Petition on Supervised Release was filed alleging that Ball has again violated the terms of supervision.

MEMORANDUM DECISION AND ORDER - 1

Roughly a year later, on May 7, 2026, Ball appeared before a United States Magistrate Judge for his initial appearance on an amended petition. *See* Dkts. 73, 78. At that time, he was appointed counsel, and a final revocation hearing has been scheduled before this Court for July 28, 2026.

Before his initial appearance on the revocation petition, and before he was appointed counsel in this matter, Defendant filed three pro se motions: (1) a motion to quash the arrest warrant; (2) a motion to appoint counsel; and (3) a motion for application of First Step Act credits (Dkt. 69).

## DISCUSSION

Ball's three motions relate, directly or indirectly, to the pending revocation proceedings. The Court will resolve them in turn.

The motion to appoint counsel is moot in light of the appointment of counsel at Defendant's initial appearance on May 7, 2026. The motion to quash the arrest warrant is also moot, given that the warrant has now been executed and Ball has appeared before a magistrate judge.

Turning to the third motion—which relates to Mr. Ball's earned-time credits under the First Step Act—the Court will reiterate that Mr. Ball is now represented by counsel. The Court has discretion to consider pro se filings while a defendant is represented by counsel, but there is no constitutional right to such hybrid representation. *See United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir. 1981)

MEMORANDUM DECISION AND ORDER - 2

("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). Here, the Court declines to consider the pro se motion and, accordingly, will deny it without prejudice.

Alternatively, the Court will dismiss the motion without prejudice because BOP—not this Court—calculates and applies earned-time credits under the First Step Act. To the extent Defendant seeks relief relating to the calculation or application of these credits, such claims generally must be pursued through administrative remedies with the Bureau of Prisons and, if necessary, through a petition under 28 U.S.C. § 2241 in the appropriate district. Such claims are not properly raised in the context of these revocation proceedings. Accordingly, Defendant's Motion for Application of First Step Act Credits (Dkt. 69) will be alternatively dismissed without prejudice.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Quash Warrant of Arrest (Dkt. 67) and his Motion to Appoint Counsel (Dkt. 68) are **DEEMED MOOT.**

2. Defendant's Motion to Apply "Earned Time Credits" to Supervised Release Portion of Sentence (Dkt. 69) is **DENIED WITHOUT PREJUDICE.** Alternatively, that motion is **DISMISSED WITHOUT PREJUDICE.**

MEMORANDUM DECISION AND ORDER - 3



DATED: July 27, 2026

B. Lynn Winmill
U.S. District Court Judge